U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

DEC 11 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Meche                               Civil Action 11-00561

versus                             Judge Richard T. Haik

Key Energy Services, L.L.C., et al     Magistrate Judge C. Michael Hill

## JUDGMENT

Before the Court is a Motion For New Trial/ Judgment As A Matter Of Law/ Amend Judgment [Rec. Doc. 178] in which plaintiff, Willie A. Meche, moves the Court to "correct errors of law and fact or grant a new trial in the alternative, all as more fully outlined in the accompanying memorandum." Rather than an "accompanying memorandum," however, Meche attaches to his motion copies of various exhibits including exhibits from the bench trial of this action and the Court's October 30, 2013 Memorandum Ruling and Judgment.

Plaintiff does not specify the Federal Rule of Civil Procedure under which his motion is filed. A motion asking that the court reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b). Which rule applies depends upon when the motion was filed. *Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003). If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). Fed.R.Civ.P. 59(e). If it is

filed after that time, it falls under Rule 60(b). *Texas A & M*, 338 F.3d at 400. Here the motion was filed on November 26, 2013, 26 days after entry of the Court's Ruling and Judgment. Thus, the motion qualifies as a motion to alter or amend under Rule 59(e). Nevertheless, because the movant presents arguments under both Rule 59(e) and Rule 60(b), the Court will evaluate the motions under the standards of each Rule, respectively.

Rule 59(e) affords the Court significant discretion when deciding whether to alter or amend its judgment. *Id.* at 174. While Rule 59(e) does not set forth any specific grounds for relief, courts have generally considered four factors: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) prevent manifest injustice. *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir.2010). In exercising its discretion under Rule 59(e), the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993).

In deciding a motion for relief from judgment under Rule 60(b), the court "must engage in the same balancing of competing interests" as under Rule 59(e). *Edward H. Bohlin Co.*, 6 F.3d at 356. However, unlike Rule 59(e), Rule 60(b) "sets forth specific grounds for relief," making a motion under it "subject to unique limitations that do not affect a 59(e) motion." *Id.* Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b).

The Court conducted the bench trial of this matter on August 16 and August 17, 2013. Following the trial, the Court accepted post-trial memoranda from both parties. On October 31, 2013, after considering all of the evidence presented at trial as well as the parties' trial exhibits and pre-trial and post-trial memoranda, the Court issued its Memorandum Ruling and Judgment. Plaintiff has failed to raise any factor under Rule 59(e) or any ground under Rule 60(b) upon which its motion should be granted. Accordingly,

IT IS ORDERED that plaintiff's Motion For New Trial/ Judgment As A Matter Of Law/ Amend Judgment [Rec. Doc. 178] is **DENIED**.

Thus done and signed this 10th day of December, 2013 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge